# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: March 25, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *
CHARLES W. MORRILL,                    *         Unpublished
                                       *
              Petitioner,              *         No. 18-910V
                                       *
v.                                     *         Special Master Gowen
                                       *
SECRETARY OF HEALTH                    *         Dismissal; Insufficient Proof.
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Jimmy A. Zgheib,* Zgheib Sayad, P.C., White Plains, N.Y., for petitioner.
*Dhairya D. Jani,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DISMISSAL DECISION[1]

On June 26, 2018, Charles W. Morrill ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that as a result of receiving an influenza ("flu") vaccination on October 5, 2017, he developed a right Shoulder Injury Related to Vaccine Administration ("SIRVA").  The information in the record does not establish entitlement to compensation.

On March 24, 2021, petitioner field a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 62).  Petitioner states that an investigation of the facts and science supporting the claim has demonstrated that he will be unable to prove that he is entitled to compensation.  Pet. Mot. at ¶ 1.  In these circumstances, to proceed any further would be unreasonable and would waste the resources of the Court, the respondent and the Vaccine

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Program.  *Id.* at ¶ 2.  Petitioner understands that dismissing his petition will result in a judgment against him and has been advised that such a judgment will terminate all of his rights in the Vaccine program.  *Id.* at ¶ 3.  Petitioner also understand that his attorney may apply for attorneys' fees and costs once his case is dismissed and judgment is entered against him.  *Id.* at ¶ 4.  Petitioner also understands that respondent reserves the right, pursuant to §300aa-15(e), to question the good faith and reasonable basis of his claim and to oppose, if appropriate, his application for fees and costs.  *Id.*  Petitioner intends to protect his rights to file a civil action in the future.  *Id.* at ¶ 5.

To received compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine.  §§13(a)(1)(A); 11(c)(1).  In this case, petitioner was alleging a Table Injury and therefore must demonstrate that he received a vaccine set forth in the Vaccine Injury Table.  Petitioner has been unable to demonstrate that he received a covered vaccine in his right shoulder and petitioner cannot receive compensation on a claim based on a non-covered vaccine through the Vaccine Program.  Therefore, the petition must be dismissed.  *See e.g. Cielencki v. Sec'y of Health & Human Servs.,* No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015) (dismissing petition that involves Pneumovax).

Petitioner has failed to demonstrate that he was injured by a vaccine covered under the Vaccine Program.  **Thus, petitioner's motion is GRANTED.  This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).